IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Criminal Case No. 00-188-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| EDWARD ARNOLD ALCANTARA, II, | ) | |
| | ) | |
| Defendant. | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Claire M. Fay
Assistant United States Attorney
United States Attorney's Office
1000 S. W. Third Avenue, Suite 600
Portland, Oregon 97204

      Attorneys for Plaintiff

Edward Arnold Alcantara, II
Register No. 65357-065
P. O. Box 3007
Terminal Island, California 90731

      Pro Se Defendant

KING, Judge:

Before the court is Motion for Remedy, Dismissal with Prejudice and Reversal of Conviction for Violation of Court Order and Breach of Plea Agreement (#162), Motion for Appointment of Counsel for Remedy of Breach of Plea Agreement and Violation of Court Order (#163), and Motion to Supplement (#164) filed by defendant Edward Arnold Alcantara. For the reasons set forth below, I deny all motions.

## PROCEDURAL BACKGROUND

On January 4, 2002, Alcantara pleaded guilty to mail fraud, a violation of 18 U.S.C. § 1341, as set forth in Count 35 of the Indictment, and bankruptcy fraud, a violation of 18 U.S.C. § 157(1), as set forth in count 68 of the Indictment.

On September 18, 2002, Alcantara was sentenced to 60 months in prison on the mail fraud count, and 60 months in prison on the bankruptcy fraud count, to be served consecutively, a three-year term of supervised release, a special assessment of $200, and payment of restitution in the amount of $1,645,623.95.

Alcantara filed a notice of appeal on October 10, 2002. He subsequently voluntarily dismissed the appeal on July 22, 2003.

On February 8, 2005, this court denied Alcantara's motion to vacate, set aside or correct his sentence under 18 U.S.C. § 2255 in which Alcantara took issue with the enhancements to his sentence using facts found by the court rather than by the jury. On May 9, 2005, this court denied Alcantara's motion for Certificate of Appealability. On May 23, 2005, Alcantara appealed the denial of the Motion for Certificate of Appealability. The Ninth Circuit denied his Motion for a Certificate of Appealability and all other motions and requests on October 12, 2005.

## DISCUSSION

In his Motion for Remedy, Dismissal with Prejudice and Reversal of Conviction for Violation of Court Order and Breach of Plea Agreement, as construed together with his Motion to Supplement, Alcantara asserts that the government has breached paragraph 5 of the plea agreement, which states in relevant part:

> In exchange for the defendant signing all appropriate documents relinquishing title to the properties of the victims and/or former business clients in this case, the government will recommend to the Court that defendant receive credit for time served in custody while awaiting extradition, and during the course of extradition proceedings in France. Defendant agrees to sign or execute these documents at the time the government requests, and understands and agrees that the government's request for his signature and execution may occur on a continuing basis before, during and after sentencing.

Government's Response, at 3 n.2.

According to Alcantara, the paragraph means no person other than an employee of the United States Attorney's Office may request that he sign the relevant documents. He asserts that four attorneys, not employed by the United States Attorney's Office but "acting on instructions by the Government," have contacted him to obtain his signature. Motion to Supplement, at 3. Alcantara does not claim that the United States Attorney's Office breached the plea agreement by failing to recommend credit for time served.

Alcantara's claims apparently arise out of his conviction on federal criminal charges. Accordingly, I construe Alcantara's Motion for Remedy, Dismissal with Prejudice and Reversal of Conviction for Violation of Court Order and Breach of Plea Agreement, along with his related Motion to Supplement, as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255.

As indicated above, Alcantara has previously filed a motion to set aside his conviction. As a result, the current motion must be denied. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Alcantara is prohibited from filing a second Section 2255 motion unless he first obtains certification from the Ninth Circuit Court of Appeals that his motion falls within the narrow category of successive motions authorized by the AEDPA. See 28 U.S.C. § 2255. Alcantara has not established that he has obtained the required authorization to file a second motion under Section 2255.

With regard to Alcantara's Motion for Appointment of Counsel, the court may appoint counsel if the court determines that the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). After reviewing Alcantara's claims, I conclude that appointment of counsel would not benefit Alcantara or this court. Alcantara's claim is frivolous as there is nothing in the delivery of the title documents that constitutes a breach of the plea agreement. Thus, because the interests of justice do not require the appointment of counsel, Alcantara's motion for appointment of counsel is denied.


///


///


///


///

**CONCLUSION**

Based on the foregoing, Alcantara's Motion for Remedy, Dismissal with Prejudice and

Reversal of Conviction for Violation of Court Order and Breach of Plea Agreement (#162) and

Motion to Supplement (#164), construed together as a motion to vacate, set aside or correct a

sentence pursuant to 28 U.S.C. § 2255, are DENIED.  Similarly, Alcantara's Motion for

Appointment of Counsel for Remedy of Breach of Plea Agreement and Violation of Court Order

(#163) is DENIED.

IT IS SO ORDERED.

Dated this ___14th_____ day of February, 2006.


___/s/ Garr M. King_____
Garr M. King
United States District Judge