IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | Criminal Case No. 00-188-KI |
| | ) | |
| vs. | ) | ORDER DENYING CERTIFICATE |
| | ) | OF APPEALABILITY |
| EDWARD ARNOLD ALCANTARA, II, | ) | |
| aka: Aaron Avery Akai, et al., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Claire M. Fay
Assistant United States Atttorney
United States Attorney's Office
1000 S. W. Third Avenue, Suite 600
Portland, Oregon 97204

Attorneys for Plaintiff-Appellee

Page 1 - ORDER DENYING CERTIFICATE OF APPEALABILITY

Edward Arnold Alcantara, II
#65357-065
Federal Correctional Institution
3600 Guard Road
Lompoc, CA 93436

    Pro Se Defendant-Appellant

## ORDER DENYING CERTIFICATE OF APPEALABILITY

KING, Judge:

Before me is an Order from the United States Court of Appeals for the Ninth Circuit (#177) which requires me to grant or deny a certificate of appealability for defendant Edward Arnold Alcantara II ("Alcantara"). For the reasons discussed below, I deny the certificate.

By Opinion and Order dated February 14, 2006, I denied Alcantara's Motion for Remedy, Dismissal with Prejudice and Reversal of Conviction, Motion to Appoint Counsel, and Motion to Supplement ("Motion for Remedy"). I found that Alcantara was in effect seeking relief available under 28 U.S.C. § 2255, and that Alcantara had not requested authorization from the court of appeals to file a second motion under Section 2255. By Opinion and Order dated March 3, 2006, I denied Alcantara's Motion for Reconsideration. On April 10, 2006, Alcantara filed a Notice of Appeal from my Orders of February 14 and March 3, 2006. Alcantara did not seek a certificate of appealability, but his Notice of Appeal is deemed to constitute a request for a certificate. United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997); Fed. R. App. P. 22(b).

A certificate of appealability will issue upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of a denial of a

constitutional right, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). Alcantara's Notice of Appeal states that he is appealing, for abuse of discretion, the denial of an evidentiary hearing on the breach of his plea agreement. In his earlier Motion for Remedy, Alcantara claimed that the government breached a provision in his plea agreement, under which he agreed to execute documents relinquishing title to the properties of victims and former business clients, by sending persons who were not employees of the United States Attorney's Office to obtain his signature. The plea agreement contained no limitation on how the government could obtain Alcantara's signature. In the February 14, 2006 Order, I denied Mr. Alcantara's claims because he had not obtained the necessary permission from the court of appeals to file a successive motion under Section 2255. I further noted that the delivery of title documents for Alcantara to sign did not constitute a breach of the plea agreement, and that Alcantara's claim was frivolous.

     Because Alcantara did not obtain the necessary permission to file a second Section 2255 petition, there were no grounds to justify an evidentiary hearing on his claim that the government breached his plea agreement. Even if he properly could have made that claim, no hearing is necessary on a motion based on claims outside the trial record if the allegations fail to state a claim for relief or are so incredible or frivolous as to warrant summary dismissal. Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985). Alcantara's claim that the government breached his plea agreement was frivolous. Because Alcantara has not made a substantial showing of a

Page 3 - ORDER DENYING CERTIFICATE OF APPEALABILITY

denial of a constitutional right, a certificate of appealability with respect to the issue he raises in his Notice of Appeal is DENIED.

IT IS SO ORDERED.

Dated this ___20th_____ day of June, 2006.

                                                  /s/ Garr M. King
                                                  Garr M. King
                                                  United States District Judge